**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHARISE CAUDLE,

        Plaintiff,

                              CASE NO. 05-CV-73800

v.

                              PAUL D. BORMAN
                              UNITED STATES DISTRICT JUDGE

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____/

**OPINION AND ORDER**
**ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**(1) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT;**
**(2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;**
**AND (3) DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Before the Court are Plaintiff's November 13, 2006 Objections (Docket No. 16) to the Magistrate Judge's November 3, 2006 Report and Recommendation (Docket No. 15). The Magistrate Judge recommended that Defendant's Motion for Summary Judgment be granted, that Plaintiff's Motion for Summary Judgment be dismissed without prejudice, and that Plaintiff's Motion to Amend Complaint be denied.

Having considered the entire record, and for the reasons that follow, the Court ACCEPTS the Magistrate Judge's Report and Recommendation.

**I.     BACKGROUND**

Pro se Plaintiff Charise Caudle ("Plaintiff") filed an application for Supplemental Security Income and Disability Insurance Benefits on October 10, 2003. She claimed that she

had been disabled since June 27, 2003, due to limited use of her arm and pain in her arm, neck, shoulder, and back. Plaintiff's claims were denied in December 2003. Plaintiff then sought review before an Administrative Law Judge ("ALJ"), who held a hearing on November 17, 2004. Plaintiff elected to proceed at the hearing without representation. The ALJ denied Plaintiff's claims on May 25, 2005. The Appeals Council denied review of the ALJ decision on September 22, 2005. Plaintiff filed the instant case on October 5, 2005.

The Magistrate Judge issued a Report and Recommendation on November 3, 2006, recommending upholding the decision of the Commissioner.

Plaintiff filed timely Objections on November 13, 2006. Plaintiff objects that the Magistrate Judge did not properly consider Dr. Seif Saeed's undated Medical Statement Form and his April 12, 2006 letter in connection with her claims. This information from Dr. Saaed was not presented to the ALJ or the Appeals Council. Based on this information, Plaintiff requests that the Court either overturn the ALJ's determination or remand the case to the ALJ to consider this Dr. Saeed's opinion.

## II.     ANALYSIS

### A.     Standard of Review

Pursuant to FRCP 72(b), this Court conducts a de novo review of any of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed timely objections. *Lyons v. Comm'r of Social Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004).

The Court reviews the Commissioner's decision to deny social security benefits under a "substantial evidence" standard:

> Under 42 U.S.C. § 405(g), the ALJ's findings are conclusive so long as they are supported by substantial evidence. [The Court's] review is limited to determining

2

>whether there is substantial evidence in the record to support its findings. Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Further, [the Court] must defer to an agency's decision even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ. [The Court's] role is not to resolve conflicting evidence in the record or to examine the credibility of the claimant's testimony.

*Wright v. Massanari*, 321 F.3d 611, 614-15 (6th Cir. 2003) (internal citations and quotation marks omitted).

### B.     Plaintiff's Objections

Plaintiff requests, on the basis of Dr. Saeed's diagnosis, that the Court either overturn the ALJ's disability determination or, alternatively, remand the case to the ALJ. The information supplied by Dr. Saeed was not presented to the ALJ or the Appeals Council.

The Magistrate Judge initially noted that since the documents were not presented to the ALJ or Appeals Council, she could not consider the information as a matter of law. Moreover, even if admitted, the Magistrate Judge observed that she could still remand the case to the ALJ only upon a showing that the evidence is "new and material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." (R&R 14). The Magistrate judge further found that (1) Dr. Saeed's treatment relationship with Plaintiff was unknown; (2) Dr. Saeed's opinion was conclusory and unsupported by any medical findings; (3) other evidence in the record contradicted Dr. Saeed's opinion; and (4) Dr. Saeed's firm was incomplete and lacked information about Plaintiff's work or period of inability to work.

A district court has the authority to issue a "sentence six remand" for the taking of additional evidence if the plaintiff can show: (1) that the evidence at issue is both "new" and "material" and (2) that there is good cause for the failure to incorporate such evidence into the

record in the prior proceeding. 42 U.S.C. § 405(g). The party seeking remand has the burden of showing that these two requirements are met. *Hollon v. Comm'r of Social Sec.*, 447 F.3d 477, 483 (6th Cir. 2006). Evidence is "new" when "it was not in existence or available to the claimant at the time of the administrative proceeding." *Id*. at 484 (quotations and citation omitted). Evidence is "material" if "there is a reasonable probability that the Commissioner would have reached a different disposition of the disability claim if presented with the new evidence." *Id*. (quotations and citation omitted). Finally, a claimant shows "good cause" by "demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Id*. at 485 (quotations and citation omitted).

Plaintiff submits two documents authored by Dr. Saeed in support of her request for the Court to remand the case to the ALJ. The first is an one-page undated State of Michigan Medical Statement Form, typically used in connection with an application for state unemployment or disability benefits. The Form indicates that the Doctor first examined Plaintiff on August 10, 2005. The date of the most recent examination was November 5, 2005. Dr. Saeed listed under "Nature of Disability" that Plaintiff had facial neuropathy from osteomyelitis of the jaw and shoulder pain. Under "Limitations," Dr. Saaed ticked off the box "Yes" and stated that the disability began in "6/03."

In the section "Ability/Inability to Perform Work," Dr. Saaed indicated that Plaintiff was currently unable to perform any of the types of work listed "above." On the top of the Form, there is a box with columns marked "A" through "E," where the claimant or doctor is supposed to fill in the types of work that the claimant "has experience and/or training working as:" On this Form, the space is left blank.

The second document is an April 12, 2006 one-page letter addressed "To Whom It May Concern." The letter states that Plaintiff

> has a history of osteomyelitis of the right mandible following a dental extraction in June 2003. The osteomyelitis was refractory to medical management and the patient underwent surgical resection of this lesion resulting in oral mandibular defect. She also underwent multiple surgeries to correct this defect, which left her with a right facial neuropathy with some shoulder pain.
>
> These conditions have impaired her ability to work and function in the community and daily activities. She has limited right arm mobility, right eyesight comes in and out, excessive uncontrollable drooling, right ear pain, hoarseness, hair growing on gums, depressing, chewing impairment, and facial drooping.
>
> [Plaintiff] has been unable to work since the condition in June 2003. She is unable to work due to the facial nerve neuropathy that was caused by osteomyelitis and the reconstructive surgeries.

Although it not clear when the first undated form was available to Plaintiff, the Court will assume, for the purposes of the parties' motions, that both documents were "new" and not available to the claimant during the administrative hearing.

After reviewing Dr. Saaed's information, the Court agrees with the Magistrate Judge that Plaintiff's "new" evidence is not "material." In other words, the ALJ would not have reached a different conclusion if this evidence had been available. Dr. Saeed's one-page Medical Statement Form and one-page April 12, 2006 letter simply contain conclusory statements that Plaintiff is disabled, without providing any objective criteria or supportive documentation. This is insufficient to prove a disability. *See* 20 C.F.R. 404.1527(e)(1); *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). Furthermore, the length and nature of the treatment relationship between Plaintiff and Dr. Saaed is unclear. 20 C.F.R. 404.1527(d)(2). The Medical Statement Form itself is incomplete, and it is contradicted by the strong evidence in the rest of the record.

Therefore, the Court finds that Plaintiff cannot show that she is entitled to a sentence six

remand.

### III. CONCLUSION

For the foregoing reasons, the Court **ACCEPTS** the Magistrate Judge's Report and Recommendation.

**SO ORDERED.**

                                        s/Paul D. Borman
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

Dated: February 5, 2007

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 5, 2007.

                                        s/Denise Goodine
                                        Case Manager